

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Walter C. Woodward, Chairman,
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-1380
Re: Disposition of fees col-
lected under Article 3920,
as amended by S. B. 404
during the current fiscal
biennium.

This will acknowledge receipt of your request of August 29, 1939, for the opinion of this department construing Article 3920, as amended by S. B. 404, as the same applies to your department.

The pertinent portion of S. B. 404, Acts regular session of the 46th Legislature, amending Article 3920 of the R. C. S., reads in part as follows:

"After August 31, 1939, all fees col-
lected by virtue of this Article shall be
deposited in the State treasury and appro-
priated to the use and benefit of the
Board of Insurance Commissioners to be
used in the payment of salaries and other
expenses arising out of and in connection
with the examination of insurance compan-
ies and/or the licensing of insurance com-
panies and investigations of violations of
the insurance laws of this State in such
manner as provided in the general appro-
priation bill for the Life Insurance Divis-
ion and Examining Division and Agents' Li-
cense Division of the Board of Insurance
Commissioners."

In so far as it is contended by you that this pro-
vision in and of itself operates as an appropriation of these

Hon. Walter C. Woodward, - Page 2

fees for the current fiscal biennium, you are advised
that we adhere to the conclusion heretofore expressed
in our opinion No. 0-1176, as follows:

> "Here we have no appropriation but
> what appears merely a direction to the
> Legislature itself to later make the ap-
> propriation in the general appropriation
> bill."

It is quite true, in this connection, that the
intent of the law is the law itself and we, as well as
the court, are required, in rendering opinions, to look
diligently for the intention of the Legislature. However,
"when the intent is plainly expressed in the language of
the statute, it must be given effect without attempting
to construe or interpret the law." Tex. Jur., vol. 39 p.
166. In our opinion, the legislative intent that the ap-
propriation should be made in the departmental appropria-
tion bill is plainly and clearly expressed in the language
used in the enactment above quoted, and therefore we are
not at liberty to resort to construction.

The next question to determine is whether, in
the departmental appropriation bill passed by the 46th
Legislature, there is found any provision operating as
an appropriation of the fees with which the Legislature
was dealing in S. B. 404. In this connection, it is to
be observed that in the departmental appropriation bill
the Legislature provided therein specific items for the
Life Insurance Division, the Examining Division, and
the Agents' License Division of the Board of Insurance
Commissioners. By Sec. 3 of the special rider appended
to the appropriation for your department, which appears
on pages "33" and "34" of S. B. No. 427 as passed by
the 46th Legislature, it is provided "that the forego-
ing appropriations for the Life Division (except the
appropriations for the Examining Division and the Licen-
sing Division which has hereinabove been provided for)
shall be paid out of the general revenue fund." This
rider, taken into connection with the preceding portions
of the appropriation bill relating to your department,
effectively provides that only the appropriations for
the Life Insurance Division shall be paid out of the
general fund, and that the appropriations for the Exam-
ining Division and the Licensing Division shall be paid
out of the special funds indicated in the appropriation

Hon. Walter C. Woodward - Page 3

in connection with such particular divisions.

Sec. 3 of the general rider appended to S. B. 427, which appears on page "150" of the Senate journal, reads as follows:

"It is further provided that in the event the statutes of the State of Texas provides that any amount, fees or funds herein appropriated to be paid out of local or special fees or funds, that the same be so paid out of the said local or special fees or funds instead of being paid out of the general revenue fund."

The effect of this is to provide that if the statutes of the State of Texas dedicate local or special fees or funds to the payment of certain items of expense, amounts appropriated for payment of such items shall be paid from the said special or local fees or funds. If the appropriation is from the general fund, and the statute dedicates local or special fees or funds to the payment of such items, the provision quoted operates to apply such local or special fees or funds toward the payment of such appropriation before resort may be had to the general fund. And if the statutes should provide that such items of expense should be paid only from dedicated local or special fees or funds, this quoted provision would operate to require the payment of amounts appropriated for such items exclusively from said local or special fees or funds, instead of from the general fund.

In other words, it seems that this rider provision was intended by the Legislature as a blanket clause correcting appropriations inadvertently made from the general fund where special fees or funds are available for their payment and appropriations inadvertently made from only one special fee or fund where the statutes of the State contemplated the application of other local or special fees or funds toward the payment of such appropriations as well.

Construing the provisions quoted above from S. B. Nos. 404 and 427 together, we are of the opinion that it was the legislative intent to require that the

fees collected under Article 3920, as amended by S. B. No. 404, should, during the current fiscal biennium, be applied toward the "payment of salaries and other expenses arising out of and in connection with the examination of insurance companies and/or the licensing of insurance companies and investigations of violations of the insurance laws of this State." These fees are not available to the Department of Insurance generally, to be expended as it may see fit, but such fees may be applied only toward the payment of the items of salary and expense "provided in the general appropriation bill for the Life Insurance Division and the Examining Division and Agents' License Division of the Board of Insurance Commissioners."

In so far as our opinion No. O-1176 conflicts with the holding herein made, said opinion is expressly overruled and withdrawn.

Trusting that the foregoing answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       *R W Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED NOV 22, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN